IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00309-CMA-NYW

JESSE FISHER,

    Plaintiff,

v.

PATHWAY LEASING LLC, a Colorado limited liability company,
MATTHEW HARRIS, and
INTERSTATE DISTRIBUTOR CO., a Washington corporation registered to conduct business in Colorado,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Jesse Fisher's Motion for Reconsideration (Doc. # 34) requesting the Court to reconsider its Order Denying Motion to Re-Open Case and Resume Processing (Doc. # 32). The Motion has been fully briefed. (Doc. ## 35, 36, 37.) Having reviewed the underlying briefing, pertinent record, and applicable law, for the following reasons, the Court denies Plaintiff's Motion.

### I.    BACKGROUND

On September 6, 2016, an FLSA collective action[1] was filed against Defendants Pathway Leasing, LLC ("Pathway") and Matthew Harris in the United States District

---

[1] Named Plaintiffs were Franklin Merrill, Lora Lee, Brent Lee, Anthony Glover, Keith Herring, Anthony Dennis, Larry Jurcak, Sami Nasr, Jennifer Thomas, and Robert Thomas.

Court for the District of Colorado ("*Merrill* Action"). *See Merrill et. al. v. Pathway Leasing LLC et. al.,* 16-cv-02242-KLM, Doc. # 1 (D. Colo. Sept. 6, 2016). On December 19, 2016, the *Merrill* Action plaintiffs filed an Amended Complaint in which additional plaintiffs,[2] including Jesse Fisher, were named as plaintiffs, and Transforce, Inc., XPO Logistics Truckload, Inc., and Con-Way Truckload, Inc, were added as defendants. *See Merrill*, 16-cv-02242-KLM, Doc. ## 54, 82. The parties consented to Magistrate Judge Kristen L. Mix's jurisdiction to preside over the *Merrill* Action (*Merrill*, 16-cv-02242-KLM, Doc. # 64) and, on July 6, 2018, a bench trial was completed (*id.* at Doc. # 274). Magistrate Judge Mix has not yet issued a decision in the *Merrill* Action.

On February 7, 2018, Plaintiff Jesse Fisher filed the instant action against Defendants Pathway, Mr. Harris, both of which are defendants in the *Merrill* Action, and Interstate Distributor Company ("Interstate"). (Doc. # 1.) One month after the *Merrill* Action was tried, on August 07, 2018, Plaintiff and Defendants jointly filed a Motion to Administratively Close Case (Doc. # 24) in the instant case indicating that Magistrate Judge Mix's forthcoming decision in the *Merrill* Action "will affect the outcome of this case; or at the very least, affect which issues be contested in this case, *i.e.*, the discovery and trial schedule." (*Id.* at 1.) The Court granted the parties' first motion to stay the instant action pending a decision of the *Merrill* Action. (Doc. # 25.) Because the *Merrill* Action was not yet resolved, on December 31, 2018, Plaintiff filed a second motion Requesting the Continuance of Administrative Closure, in which Plaintiff

---

[2] Other named plaintiffs were Ronald Dennis, Jesse Fisher, Rodney Lacy, James Newberry, Tami Potirala, Craig Williams, Zigmund Gutowski, Joseph Horion, Eric Ard, Tim Hollingsworth, and Lonnie Fails.

requested that the instant action "remain administratively closed until resolution of the *Merrill* case." (Doc. # 26 at 2.) The Court granted Plaintiff's request to continue administrative closure. (Doc. # 27.)

On April 30, 2019, Plaintiff filed a Motion to Re-Open the Case (Doc. # 28) and therein asserted that, because it appeared that an order in the *Merrill* Action was not "imminent," and that the decision was "likely to be appealed, and cross-appealed on many bases," the persuasive value of the *Merrill* Action was "diminished" and Plaintiff should be permitted to resume litigating his case against Defendants. (*Id.* at 1.) Defendant Interstate responded that it would be "extremely inefficient to move forward" without a decision in the *Merrill* Action because all parties acknowledged it would affect the instant action.[3] (Doc. # 29 at 2.) Plaintiff replied and argued that "Defendants present no authority whatsoever to suggest Plaintiff[] need state anything more." (Doc. # 31.) On June 13, 2019, the Court denied Plaintiff's Motion to Re-Open the Case and therein reasoned that, because the *Merrill* Action involved the same parties, administrative closure continued to advance judicial efficiency. (Doc. # 32.)

On July 17, 2019, Plaintiff filed a Motion for Reconsideration of Order Denying Motion to Re-Open Case and Resume Processing (Doc. # 34.) Plaintiff argues the Court erred in denying the underlying motion because the instant case involves "*different and unique*" parties[4] than the *Merrill* Action and those "*different and unique*" parties "should not be held hostage to the outcome of" the *Merrill* Action. (*Id.* at 2

---

[3] Defendants Pathway and Mr. Harris responded and asserted that they agreed with the Response filed by Defendant Interstate. (Doc. # 30.)
[4] The "*different and unique*" parties are Plaintiff Jesse Fisher and Defendant Interstate.

3

(emphasis in original).) In their response, Defendants Pathway and Mr. Harris argue that the fact that there are one additional plaintiff and defendant in the instant action does not "diminish the reasons for administratively closing the case pending the outcome in *Merrill*[.]" (Doc. # 35, ¶ 5.) Plaintiff contends that because the Court indicated that the parties in the instant action and the *Merrill* Action were the same, the Court "misapprehended the facts" and, as such, "the requirements of due process require this case to move forward[.]" (Doc. # 36 at 2.) Defendant Interstate filed its own response in opposition to the Motion in which it argues that the purpose for the original stay was that the issues in the *Merrill* Action are the same as those present in the instant action. (Doc. # 37.) For the following reasons, Plaintiff's Motion for Reconsideration is denied.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration for final judgments or interlocutory orders. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1169 (D. Colo. 2019). However, regarding a final judgment, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243. With respect to interlocutory orders, "district courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment." *Mantooth*, 360 F. Supp. 3d at 1169 (considering order regarding motion to compel arbitration as an interlocutory order). Indeed, "every order short of a final decree

is subject to reopening at the discretion of the district judge." *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008). Still, "[t]he Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order." *Mantooth*, 360 F. Supp. 3d at 1169 (citing *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp. 2d 1225, 1232 (D. Colo. 2013)).

There are three major grounds justifying reconsideration of an interlocutory order: "(1) an intervening change in the controlling law, (2) new evidence [that was] previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Concomitantly, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, but such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243).

To that end, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id.* A motion for reconsideration is not appropriate to revisit issues already addressed. *Van Skiver*, 952 F.2d at 1243. "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Mantooth*, 360 F. Supp. 3d at 1169 (citing *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000))

(internal quotations omitted). "Even under this lower standard, '[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (citing *Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice")).

### III.  ANALYSIS

Plaintiff has not met his burden of persuading this Court that it should reconsider its previous Order. The Court did not "misapprehend the facts" when it stated that the *Merrill* Action involved "the same parties" as those in the instant action. (Doc. ## 34 at 2; 36.) That conclusion was reached for the following reasons.

Jesse Fisher, the "*different and unique*" Plaintiff, was originally a plaintiff in the *Merrill* Action until December 5, 2017, when he and Defendants Pathway and Matthew Harris filed a Stipulation of Dismissal with Prejudice and stipulated that Plaintiff Fisher's "claims in this matter, including all claims which were, or could have been, brought by [him], shall be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and [he] shall no longer be [a party] to" the *Merrill* Action. *Merrill*, Case No. 16-cv-02242-KLM, Doc. # 178. This pleading calls into question the credence of Plaintiff's representation that Mr. Fisher is "an additional plaintiff" and a "*different and unique*" Plaintiff who should "not be held hostage to the outcome of" the *Merrill* Case. (Doc. # 34 at 2.) Indeed, the Stipulation of Dismissal with Prejudice raises questions regarding why

6

this action remains pending against Defendants Pathway Leasing LLC and Matthew Harris. The Stipulation further reinforces the Court's decision to keep this case stayed pending resolution of the *Merrill* Action because it is likely that issues of release, res judicata, or collateral estoppel might affect the instant action.

The "*different and unique*" Defendant in this case is Interstate, which opposes relief sought by Plaintiff. (Doc. # 37.) As set in its response to Plaintiff's Motion for Reconsideration, Defendant Interstate argues that a "delay in the ruling from *Merrill* in no way diminishes the impact it may have on the case, or the fact that judicial efficiency is best served by waiting for the ruling before moving forward" with the instant action. (*Id.* at 2–3.) Accordingly, that Interstate is a "*different and unique*" Defendant does not warrant reconsideration.

It is for these reasons, together with the fact that the allegations and claims for relief in both actions are almost identical, that the Court determined that resolution of the *Merrill* Action may still significantly impact aspects of the instant case such as discovery, trial, and the presence of some of the parties. *See* (Doc. # 1); *Merrill*, Case No. 16-cv-02242-KLM, Doc # 82. Indeed, the factual background, including the date of events, giving rise to both actions is identical. (Doc. # 1 at ¶¶ 17–38); *Merrill*, Case No. 16-cv-02242-KLM, Doc. # 82 at ¶¶ 41–63. Additionally, other than one claim for relief for unlawful retaliation in the *Merrill* Action, Plaintiff seeks the same claims for relief as those sought in the *Merrill* Action. Nothing[5] in Plaintiff's Motion convinces this Court that

---

[5] The Court notes that Plaintiff failed to cite case law supporting his propositions that "due process and logic dictate this case should proceed on its own course" (Doc. # 34 at 2) and the "requirements of due process require this case to move forward to resolution." (Doc. # 36 at 2.)

7

the underlying justification of its previous order—promoting judicial efficiency—does not now exist. As such, Plaintiff's Motion is denied.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration of Order Denying Motion to Re-Open Case and Resume Processing (Doc. # 34) is DENIED.

DATED: November 4, 2019

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge

---

Based on the reasons set forth in this Order, the Court finds that judicial efficiency warrants that the instant case should remain closed pending resolution of the *Merrill* Action.